good morning your honors I am attorney I am Michael Rooney attorney for the appellant Petra Martinez thank you for hearing our argument today this case is here after a motion for summary judgment which was granted however that motion for summary judgment came after no discovery and it was ordered by the motion was brought none of the evidence was admissible the entire body of evidence was hearsay and there was no evidence anywhere in any of the declarations that would have qualified the evidence for an exception to the hearsay rule what about the public records well the public records all were admittedly from a private internet database for one even looking past that for two the court can take judicial notice that those records were recorded but the contents of the records as in a previous case before this court were all challenged by the plaintiff so in terms of the business records exception that's the main one they argued there was simply no evidence if you look at the declaration of Eva Tapia at 118 of the record she's not the custodian of records she submits a MERS resolution she doesn't even work for MERS there's no testimony regarding how it was made or whether they regularly keep these records did the district court rely on the records attached to her declaration he did the district court relied on her declaration relied on the declaration of George Mersey Otis where does the district court say that he was relying on Tapia's declaration he certainly cited the other ones but it didn't seem that he relied on the documents and we could come back to it on your rebuttal if you want I I would do that that's fine I can do the research sure sure regarding the George Mersey Otis declaration it suffers from the same defects he's not the custodian of records he has no personal knowledge and at line 12 this is all in 151 of the record he says you know I read internal BAC home loans servicing files containing documents regarding the loan and then he goes through the series of documents which weren't created by BAC and which we can only assume came from another company he doesn't work for and has no knowledge of how they were created Morton or does he make any attempt to exempt those from the hearsay rule so there is no evidence however if you do look at the evidence especially if we look at the recorded documents the chain of title evidence you know first of all they don't submit a note the only note we have in this case is attached to the complaint and it's made out to America's Wholesale Lender we later have a judicial admission by the defendants that America's Wholesale Lender sold the at or about the origination this is a serious problem for the defendants because California Civil Code 2936 says that the deed of trust follows the note whether or not there's a recorded assignment at or about origination while MERS was nominee under the deed of trust for America's Wholesale Lender MERS is status evaporated upon the negotiation of that note which is a matter of judicial admission the defendants made continuing there's a substitution of trustee at 263 of the record problem with this is a it was signed by MERS long after MERS beneficial status had been as a matter of as an operation of MERS transferred away from it and to whoever received the note evidentiary problem we don't know who the note was transferred to at that time or any other time we of course previously in these cases that you've heard we're dealing with Nevada law this is California law that's right California law has a tender requirement has your client tendered the full amount due under the note by MERS the complaint is offered a tender but there's a problem with tenders that we don't know who to tender to the court can't you can tender it to the court as you well know well and perhaps the court should have accepted the tender on behalf of did you tender it to the court well we didn't we offered tender and and I did offer tender of the full amount we offered tender in the complaint and in the complaint okay what we're in the complaint is that was it a conditional offer I believe the way we worded it was that we'll tender to anyone who proves their right to receive tender which is not conditional but it's a circular situation there that's right all we ask reality is your client didn't write out a cashier's check and say here this is what I owe you know basically it's an interpleader as you know leave it to the court the court can distribute it accordingly but at least I'm anxious to have you straighten me out if I'm wrong about this but it seems to me that unlike under Nevada law before you get to any of these other remedies you're talking about you must tender in cash the full amount under there so you agree with that no I don't thank you for the opportunity your honor one of the civil codes that that we fled was 29 23.5 under 29 23.5 which was later in a published opinion interpreted by the California Court of Appeals after this ruling came down that case called Mabry versus Superior Court it's an arm moving or in our appeal it's also in their reply the court says no tender is required but that but all that does is to postpone the foreclosure sale so doesn't apply here it's moot your honor at the time we filed this at the time this order came down there had been no foreclosure sale we also argue based on the fact that the substitution of trustee was by a party who was not the record beneficiary at the time it was void and under Bank of America versus La Jolla group to a trustee who's not rightfully appointed under 2934 a can't transfer title so to the extent that the defendants claim there has been a foreclosure sale it's void it's of no effect and that's been held in Bank of America it's also been held in Dimock which is Emerald Properties therefore it does not cut off plaintiffs right to have compliance with 29 23.5 I understand it whether it was you or other plaintiffs counsel admitted at oral argument that the plaintiff had received a letter from Countrywide that satisfied the requirements of 29 23.5 is that incorrect that is incorrect your honor we never admitted that the requirements were satisfied and in fact we argued what did that let what did the letter purport to do this letter purports to comply with 29 23.5 but if you read the statute in its entirety if you can't contact the borrower by phone and go through this series of phone calls you're entitled to two phone calls they have to send three separate certified letters this letter has no evidence that it was sent certified mail so there's a lack of compliance on the record right there and for two this is the only such letter that they've that they've submitted so it doesn't comply with so we look we look at the letter and and we view it as being an admission that 29 23.5 was satisfied you're you're saying that that's a misconstruction of that letter right yes your honor and this was a similar case to Mabry and first of all I'd like to point out that part of the record is part of George Mersey Otis's declaration it's not submitted by the plaintiff or by me that's submitted by the defendants and again we've objected that it's hearsay he didn't send the letter himself and he doesn't know whether it was sent at all much less submit any evidence that it was sent certified go ahead I'm just looking at this letter so moving on there's in the chain of title no record of any assignment of the deed of trust from America's wholesale lender to anyone ever so the big question is at the time of foreclosure when defendants have admitted America's wholesale lender had sold this thing who was the trustee foreclosing on behalf of who has a right to submit a credit bid there's no evidence that bank or Bank of New York melon had a right under 2924 H to take title this property on a zero cash credit bid on the basis that they're allegedly the note holder and allegedly have an obligation from the plaintiff finally the plaintiff challenged a number of the defendants exhibits at 46 and 47 of Petra Martinez's declaration that they'd been altered that she signed these documents on January 5th and then if you look at the series of documents how did you challenge that before the district court she said quote who she the plaintiff okay testified those are not my signatures those are forged these documents are fabrications point-blank that's what she said to which documents did she refer in that statement there were a number of disclosures and other closing documents submitted I believe again by Mr. Murziotis but it wasn't the note in the deed of trust and so on right no I don't believe it was the note of the deed of trust you abandoned your one federal claim here your respite claim you don't specifically challenge that in your appeal prior to the motion to dismiss we had dismissed all of our federal claims and asked the court to remand us to state court where this entire complaint is based on state law in a developing area and the court denied that motion he denied that motion I think in an abuse of discretion it was the beginning of the case and there aren't sufficient California state cases again you know so are you abandoning I think respite is the only federal claim and are you abandoning that claim now it's been abandoned it's not part of the record but respo was dismissed voluntarily by the plaintiff prior to this motion is there diversity here it was not in the it wasn't in the motion to remove are there right the removal notice is there diversity do we know that may be something to ask the defendants are other than respite and diversity what other basis could there be for federal jurisdiction in this case I don't think there is any other basis if I could say these last two minutes for rebuttal may I please the court joshua white here on behalf of appellees the court should not be tempted to go down the road of weighing the credibility of these declarants or even considering these robo signing allegations that are raised for the first time on the reply before we get there Mr. writer is there jurisdiction here yes your honor there is on what basis the court exercise supplemental jurisdiction of the state claims there's no it's not in the record that the respite claim has been dismissed in fact in the opening brief the appellant continues to defend a respite claim raising the possibility of not only a respite claim but a title claim highly counsel at least at this point based on the brief to us at least it seems to me as one judge that we could say that the respite claim has been waived by not arguing in the brief and by what counsel just said in that the podium if we did that would we have discretion to remand it to the to the federal court saying the federal claim is out of this and now either exercise jurisdiction whether you keep the supplemental claims or we instruct you to send the supplemental claims to the state courts is that in our discretion I don't believe so your honor the question is did judge else if this abuse his discretion in granting summary judgment he obviously exercised supplemental jurisdiction over the state claims at that time and it was apparent to him that the respite claim was still still involved in the case because he addressed it in his motion I mean in his order can he deny their request to dismiss the federal claims I I don't believe no I I think they have a right to dismiss their didn't he do so didn't they move to dismiss those federal claims and I think denied it I'm sorry your honor what I think happened here was they moved to remand and he construed as a motion to amend their complaint and he would deny that particular motion so I think that's procedurally what he did I don't think he and I'm sorry well and I will I will add the complaint that obviously had the prerogative prior to the summary judgment motion and prior to the order to voluntarily dismiss those claims so that it was unambiguous that they had been dismissed and that there was no jurisdiction or that the court would have to exercise supplemental jurisdiction rather didn't the amendment that was proposed remove all of the federal claims your honor I do not see that in the record and I can't speak to that okay counsel let me interject as a question I hope this won't be overly complicated but yeah I would tend to agree with what you said earlier if we could uphold the state law claims but if we conclude that there are evidence rulings that are that are error and if the state law claims because of evidence rulings were not properly resolved and if at the same time the federal claim has been waived in our court then wouldn't it be in our discretion when we sent the state law claims back to the you can now exercise discretion whether to keep these state law claims as supplemental jurisdiction even though the federal claims gone or would it be in our discretion to say now that the federal laws gone it would be an abuse of discretion to keep these hypothetically assumed you know reversed state law claims in the case that may be overly complicated but you understand my question your honor I do and I think you said it best earlier in a prior appeal which is that this court may affirm on any ground supported in the record and I would say that the court doesn't even have to look at the evidentiary objections if judge Elson made any misstep in this case it was ordering the defendants to prove it up in the first place he the claim here the claim that's really at issue is whether the weather is all on this basis of this produce the note theory your honor and it's it's unequivocal under California law that the that none of these entities had to physically possess or produce the note prior to commencing foreclosure that you can decide as a matter of law and so you do not have to weigh the evidentiary objections although we would agree with judge Elson's ruling on those and and you don't have to even get into whether the court should exercise supplemental jurisdiction over them because the court did and the court properly in the end this dismissed that claim because it failed as a matter of law thank you what's your position regarding whether Marbury vs. Superior Court moots the action under 29 23.5 as to the April 2010 trustee sale yes your honor maybe was very explicit that the only remedy that a plaintiff would have post for quote it is to postpone the foreclosure itself and and and maybe what was when was that decided if you know sorry I'll find it in just a second I'm sorry your honor I'm not that's okay having trouble finding I just wanted if you knew I do want to get to the point that you you made earlier in questioning appellant's counsel and that is a tender it is absolutely clear that that you have to tender in full and unconditionally and what we got here was at best a conditional honor and even then it was there was no evidence deduced to the district court that she had the ability to tender in fact the evidence that was before the district court was she couldn't tender so that was the that's another way for this court to affirm the summary the summary judgment order is to say look she did not tender therefore the claims that are challenging the foreclosure she doesn't have standing to assert those claims did did judge Alsop specifically ask the plaintiff whether she was able to pay your honor I'm trying to recall at the hearing I don't believe that that was asked specifically the judge was obviously concerned about her her statements in her declaration at the hearing however I think it was it was pretty clear in his his order that he found that she had not sufficiently offered or proffered a tender as this court requires and that is to show not only in a willingness but an ability right and your honor I guess I I guess it's a it sets the standard awfully low if I make now go to the evidentiary objections if all a plaintiff has to do is to suggest that there's something wrong with the credibility of the witnesses or to say that they're robo signers I mean let's let's be clear here that appellant says she's not saying that they are robo signers she's saying they may be robo signers I just don't think that that is sufficient evidence to raise a genuine issue of material fact as to the credibility of these declarants certainly speculation cannot be asserted and at the I find it ironic now that the appellants counsel wants discovery on this issue because at the initial hearing when judge Elstead said that what ordered the defendants to go up and prove it up the appellants counsel agreed yes absolutely your honor he raised no objection that he needed discovery on any of these things but didn't he ask for discovery after the summary judgment was filed and filed the appropriate 56 F request he did but the the I would disagree that it was appropriate because it was insufficient it did not address what specific evidence that he needed to rebut those claims and it certainly did not address the robo signing stuff that we know his is his assertion that he wanted leave to at a minimum to pose the declarants of the affidavits that the documents were that was sufficient that was sufficient enough to meet the mandates of what is now 50 60 formerly 56 F no because it has to explain why he needs those things and and I I don't find that there and and more to the point your honor it's irrelevant it's absolutely irrelevant you don't have a tender and you don't have a claim as a matter of law so what claim would we what claim would this court remand down to judge Elsa for further discovery and consideration it's only the and so we're talking about a quiet title claim that's based on a legally erroneous produce the note theory that that over well over a hundred there's been well over a hundred decisions published or reported that's that say you don't have to produce the note so what do we send back down the judge Elsa I have a question you don't have to produce the note do you at least have to show that the the lender foreclosing you know is in the chain of title it is that they own the loan no your honor the the the Supreme Court and IE associates we cited in our brief said that the foreclosure statute covers every aspect of the power of sale under the deed of trust it's comprehensive and exhaustive and it's requirements and nowhere in that foreclosure statute is there a requirement that the the entity that's foreclosing produce the note we contrast your honor was the entity that actually sold the property at the foreclosure sale that we contrast is not even a party to the note yet the statute explicitly gives it authority to sell the property let me ask you a slightly different question is as you know if items are not raised in the opening brief they can be treated as waived by our court I'd be interested in your perspective on the following causes of action and whether you're not whether you believe they survive at this point first one is MERS authority to conduct business in California the third cause of action accounting fourth RESPA sixth FDCPA and RFD CPA the seventh declaratory relief eighth slander of title ninth intentional affliction of emotional distress and tenth negligent inflection of emotional distress is it your position that those causes of action have all been waived by not having been included in the first or the opening brief absolutely your honor and the I know the appellant says in his reply council says in his reply brief that he most certainly did raise issues of fact with those but rattling off those issues and pages 55 and 56 of the opening brief is not sufficient under this court standards first of all the appellant did not adduce evidence to the district court regarding those issues of fact and that's why the court affirmed summary granted summary judgment second of all there were no there was no argument advanced in the opening brief aside from these summary assertions and this court demands that there be legal reasoning connected to the facts in the record and to the claim in theory of the case and I know that appellant then proceeds to bullet point these issues again in her reply brief that's not sufficient and and and if I can just address one more time the robo signing allegations I don't see how those are sufficient to the claims that you rattled off as well whether there was a whether these declarants that were supporting our summary judgment motion were robo signers has nothing to do with whether countrywide responded to a qualified written request has nothing to do with whether it was given mandatory disclosure she was given mandatory disclosures under Tyler has nothing to do with whether it was slanderous to record a notice of default which we know it's not or whether it caused emotional distress the emotional distress here was caused by her default and her loss of the property I have one question I I practice real estate law in California for about 37 years so I'm very familiar with title insurance practice it is customary in California when you have a foreclosure sale that you get a title policy if you will regarding the trustee sale was that done in this case your honor I do not know I would suspect as you said it is customary I've seen that done frequently in my practice but I do I don't know to answer your question because the title company as part of its underwriting practice would of course ensure to its satisfaction that the whoever assigned the role of the trustee to whomever had appropriate documentation to permit it to do the foreclosure that's a good point your honor and something I did not think about but yes and if I just could close I know I'm running a little short on time it's significant that a you know appellant's never denied that she borrowed 1.5 million dollars from Countrywide that's specifically alleged in the in the complaint there's no denial of that she's not denied that Countrywide was her loan servicer she's not said that any other entity claimed to be her loan servicer and there was a controversy about that nor has she denied that she defaulted on on repaying the 1.5 million dollars or does it matter that this is not a mom-and-pop claim that it's a person that had at least at one point had the ability to borrow a great deal of money I think it matters in terms of her sophistication but again I don't think it ultimately should weigh this court what should weigh the court is the the viability of the only claim before it and it is not legally viable as a matter of law thank you very well thank you for your bit of rebuttal time first at page 2 of the record to page 3 of the record a judge also acknowledges the procedural history of our efforts to dismiss the federal claims so I'd like to refer the court to that secondly in terms of the 118 19 through 27 she submits evidence that Elizabeth Mesa was entitled over the allegations of the complaint which say she wasn't entitled she was an employee of MERS they say she's an employee of Recon Trust and she's entitled to sign on behalf of MERS and she submits documentation that is hearsay documentation and in order for the court to make a finding that the plaintiff had signed over plaintiff's allegations that it wasn't we would need admissible evidence on that point and the court did have to rely to make that determination in terms of whether or not plaintiff submitted enough evidence to prove all her claims this wasn't our motion the defendants bore the burden on this motion and their burden was to shift it back to the plaintiff with either negate or refute the totality of plaintiff's complaint and they didn't can I can I ask you to comment on and I don't know whether I don't remember seeing it in either of your papers but there's a case called Gomes versus countrywide home loan cited by the California Court of Appeal this year which in effect addresses the show me the note argument and rejects it Gomez is an interesting case in Gomez you had a case where you don't have successors in interest you don't have these four or five different parties who claim they have received this paperwork you have all the original parties which I think was a huge factor in the Court of Appeals is determination because what they said was that on the evidence before them that the deed of trust was a judicial estoppel or an estoppel by deed from the plaintiff going on a fishing expedition saying hey even though it's in the deed MERS isn't actually the decision for whoever's named in the note and why just a legit from a logic perspective my reading of Gomes or the court was basically saying under California law you got this deed of trust that prevent you know provides all these powers to to whomever holds them you don't really need to present the note in order to do the foreclosure basically is that wrong did I misunderstood the case understand the case brother yes I believe that's wrong and I also believe it's inapplicable in this case because you're because their note was assigned the note was assigned and the deed of trust wasn't there is no public record that says these guys hold those powers and that's the problem here's they didn't meet their burden of proof to refute any of our claims so so your perspective is under California law that in order for there to be a foreclosure sale basically the whoever ultimately becomes the trustee has to have it in effect a provenance just like you would an art piece and show that provenance before the sale is valid is that what you're saying what I'm saying your honor is that under the Rosenthal Act when obligation has been transferred plaintiff as she alleged she did here has a right to demand validation of that debt for them to continue collections they didn't do it she sent a restful letter they didn't respond and those statues created duty for them has nothing to do with foreclosure this is prior to the foreclosure and this case was filed prior to a foreclosure we were asking for them to prove their right to collect in the first instance which has nothing to do it's completely outside the foreclosure context secondly 2924 second sentence starts whereby a note and deed of trust and it goes on and says there's a power of sale a more a sale shall not happen until these procedures are followed it's not a substantive statute a substantive statute is 2936 2936 says the deed of trust follows the note the evidence before the court says that note was sold the deed of trust went bye-bye MERS had no beneficial interest on the date that it attempted to substitute the trustee that's void okay we thank you both for your presentation the court will take it under submission and the case of Martinez versus America's Wholesale Lender is hereby submitted and that concludes our calendar for the day and the court will stand in recess
judges: St. Eve, Gould, Smith M.